**UNITED STATES of America, Plaintiff,**

v.

**Larry James McNEESE, Defendant.**

**Crim. No. 28045.**

United States District Court, E. D. Oklahoma, Criminal Division.

July 24, 1973.

Robert McDonald, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Roger Hilfiger, Muskogee, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

The above Defendant has moved to suppress as evidence in this case certain handwriting specimens or exemplars he

has given to an agent of the United States Government. The Government resists the Motion. An evidentiary hearing has been conducted by the Court. The Motion is overruled by the Court.

■ The recent case of United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L. Ed.2d 99 (1973) holds that the obtaining of handwriting specimens by means of a Grand Jury Subpoena is not a "seizure" within the meaning of the Fourth Amendment of the United States Constitution. If obtaining handwriting specimens by a Grand Jury Subpoena is not a "seizure" within the meaning of the Fourth Amendment, then it follows that there is no "seizure" under any other method of obtaining the same. This is because the *Mara* decision holds that such specimens are merely "physical characteristics" of a person which are "constantly exposed to the public". It thus appears that the United States Supreme Court has ruled that the obtaining of handwriting specimens from a suspect does not come under the Fourth Amendment. In Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) the United States Supreme Court held that obtaining handwriting specimens from a suspect did not violate the Fifth and Sixth Amendments to the United States Constitution.

■ But if the Court has incorrectly interpreted *Mara* the Motion is without validity under the evidence presented to the Court under the earlier cases relied upon by the Plaintiff, namely, United States v. Long, 325 F.Supp. 583 (W.D. Mo.1971) aff'd; United States v. Harris, 453 F.2d 1317 (8 Cir. 1972). The foregoing cases, which are believed to have been overruled by United States v. Mara, *supra*, do provide in essence that in order to get handwriting specimens of a suspect the Government must comply with the standards of the Fourth Amendment to the United States Constitution. If said cases should represent the state of the law as to this case, the Government in obtaining the handwriting specimens from the Defendant herein fully complied with such requirements. In this connection, the Court finds from the evidence herein that the Defendant was not in custody at the time his handwriting specimens were obtained (Defendant's counsel admitted this in open court during the evidentiary hearing); before Defendant gave the handwriting specimens the Government Agent read to him the *Miranda* warnings, the Defendant read and then signed the waiver form; there was no pressure, coercion or duress practiced upon Defendant by the Government Agent in obtaining his handwriting specimens; the Defendant was not extended any promises in return for giving his handwriting specimens; the Defendant was not advised that he could not refuse to furnish said handwriting specimens or that the Government could obtain the same by means beyond the Defendant voluntarily giving the same and under the evidence and circumstances of this case the Court finds that Defendant's handwriting specimens were not obtained from him under coercive circumstances. The Court further finds from the evidence herein that the Defendant stated that he did not desire to have a lawyer present at the time the handwriting specimens were requested and given by him. In these circumstances the Court finds that the Defendant did not merely acquiesce to the Government Agent's request for his handwriting exemplars but intelligently, knowingly and voluntarily consented to their being obtained by said Agent. Moreover, if pertinent, under the evidence the Government Agent had probable cause to believe that the Defendant had committed an offense against the laws of the United States regarding the theft, forging and uttering of the United States Treasury Check involved.

The Defendant's Motion To Suppress is overruled and the handwriting specimens obtained from him by the Plaintiff may be used in connection with the evidence presented in the case.